**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WILEY Y. DANIEL**

| | | | |
|---|---|---|---|
| Date: | June 31, 2014 | Probation: | Michelle Means |
| Courtroom Deputy: | Robert R. Keech | Interpreter: | N/A |
| E.C.R./Reporter: | Darlene Martinez | | |

Criminal Case No:  **11-cr-00362-WYD**          Counsel:

UNITED STATES OF AMERICA,                     Tim R. Neff

      Plaintiff,

v.

**6.  JERROLD MINNEY**,                               David S. Kaplan

      Defendant.

**SENTENCING**

**2:06 p.m.**       Court in Session - Defendant present (on-bond)

> **Change of Plea Hearing - Wednesday, March 5, 2014, at 10:04 a.m.
> Plea of Guilty - count one of Information.**

      APPEARANCES OF COUNSEL.

      Court's opening remarks.

2:07 p.m.       Statement and argument on behalf of Government (Mr. Neff).

2:08 p.m.       Statement and argument on behalf of Defendant (Mr. Kaplan).

2:15 p.m.       Statement and argument on behalf of Government (Mr. Neff).

2:24 p.m.       Statement and argument on behalf of Defendant (Mr. Kaplan).

2:48 p.m.     Statement and argument on behalf of Government (Mr. Neff).

2:57 p.m.     Statement by Defendant on his own behalf (Mr. Minney).

Court makes findings.

**ORDERED:**   Government's request for a downward variance, as contained in the Government's Sentencing Statement Related to Defendant Jerrold Minney [ECF Doc. No. 394], filed July 22, 2014, is **GRANTED.**

**ORDERED:**   Government's Motion for Downward Departure Pursuant to 5K1.1 [ECF Doc. No. 397], filed July 22, 2014, is **GRANTED.**

**ORDERED:**   Defendant is placed on **probation** for a term of **5** years.

**ORDERED:**   **Conditions** of **Probation** are:

(X)   Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.

(X)   Defendant shall not commit another federal, state or local crime.

(X)   Defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

(X)   Defendant shall comply with standard conditions adopted by the Court.

(X)   If the judgment in this case imposes a fine or restitution obligation, it shall be a condition of supervised release that the Defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the schedule of payments set forth in the judgment.

(X)   The Court waives the mandatory drug testing provisions of 18 U.S.C. § 3583(d), because the presentence report indicates a low risk of future substance abuse by the defendant.

(X)   The defendant shall cooperate in the collection of D.N.A. as directed by the probation officer.

**ORDERED:** **Special Condition(s)** of **Probation** are:

(X) All employment for the defendant shall be approved in advance by the supervising probation officer.  The defendant shall not engage in any business activity unless the activity is approved by the probation officer.  Any approved business activity must operate under a formal, registered entity.  For any approved business activity, the defendant shall provide the probation officer with the names of all business entities and their registered agents.  The defendant shall not register any new business entity, foreign or domestic, without the approval of the probation officer.  The defendant shall not cause or induce others to register business entities on his behalf.  For any approved business activity, the defendant shall maintain business records.  The defendant shall provide all requested documentation and records to the probation officer regarding any of his business activities as requested by the probation officer.

(X) The defendant shall document all income, compensation and financial support generated or received from any source and provide such information to the probation officer as requested.

(X) The defendant shall maintain separate personal and business finances and shall not comingle personal and business funds or income in any financial accounts, including but not limited to bank accounts and lines of credit.

(X) The defendant shall not cause or induce anyone to conduct any financial transaction on his behalf or maintain funds on his behalf.

(X) The defendant shall submit his person, property, house, residence, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer.  Failure to submit to search may be grounds for revocation of release.  The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

(X) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

| | |
|---|---|
| (X) | As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case. |
| (X) | The defendant shall comply with all legal obligations associated with the Colorado Department of Revenue and the Internal Revenue Service regarding federal and state income taxes. This includes resolution of any tax arrearages as well as continued compliance with federal and state laws regarding the filing of taxes. |
| (X) | If the defendant has an outstanding financial obligation, the probation office may share any financial or employment documentation relevant to the defendant with the Asset Recovery Division of the United States Attorney's Office to assist in the collection of the obligation. |
| **ORDERED:** | Defendant shall pay **$100.00** to **Crime Victim Fund** (Special Assessment) to be paid immediately. |
| **ORDERED:** | **No fine** is imposed because defendant has no ability to pay a fine, cost of incarceration or supervision. |
| | **Government's exhibit 1 RECEIVED.** |
| **ORDERED:** | Defendant to make **restitution** in the amount of $406,217.64 to the victims as indicated in Government's Exhibit 1.  Restitution shall be made jointly and severally with any defendants whose names appear as joint and several participants on Government's exhibit 1. |
| | *The special assessment and restitution obligation are due immediately. Any unpaid restitution balance upon release from incarceration shall be paid in monthly installment payments during the term of supervised release.  The monthly installment payment will be calculated as at least 10 percent of the defendant's gross monthly wages.* |
| **ORDERED:** | Defendant advised of right to appeal the sentence imposed by the Court.  Any notice of appeal must be filed within fourteen (14) days.  Defendant advised of right to appeal in forma pauperis. |

The court finds that defendant **is not** likely to flee or be a danger to self or others and it is **ORDERED**:  **BOND CONTINUED.**

**3:15 p.m.**     Court in Recess - HEARING CONCLUDED.
**TOTAL TIME: 1:09**